IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY LASH | : | CIVIL ACTION |
| v. | : | |
| RELIANCE STANDARD LIFE INSURANCE CO., et al. | : | NO. 16-235 |

**MEMORANDUM**

**Padova, J.**                                                                                                              **June 16, 2016**

Plaintiff Kimberly Lash brought this action against Temple University Health System, Inc. ("Temple"), her former employer, Reliance Standard Life Insurance Company ("Reliance"), the issuer of Plaintiff's Long-Term Disability policy, and Matrix Absence Management, Inc. ("Matrix"), the Third-Party Administrator for her Long-Term Disability policy. Matrix now moves to be dismissed from this action, claiming that it is not a proper party. For the following reasons, and after holding a hearing on Matrix's Motion on May 31, 2016, we grant the Motion.

**I.     BACKGROUND**

The Complaint alleges the following facts. Temple provides its employees a Long Term Disability Plan (the "Plan"), which is an employee welfare benefit plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Compl. ¶ 10, 12.) Reliance was appointed under the terms of the Plan "as the claims review fiduciary with respect to the insurance policy and the Plan." (Id. ¶ 20.) "The claims review fiduciary has the discretionary authority to interpret the insurance policy and to determine eligibility for benefits." (Id.) "Reliance retained Matrix to act as a Third-Party Administrator" of the Plan. (Id. ¶ 21.) "Matrix did not have discretion to decide claims or interpret policy provisions under the terms of the Plan." (Id. ¶ 22.)

Plaintiff worked as a payroll supervisor for Temple and was covered by the Plan when she started experiencing back pain. (Id. ¶¶ 10, 30, 37.) A MRI revealed that she had a tumor in her lower back. (Id. ¶ 32.) Plaintiff had surgery to remove the tumor on May 24, 2012, which caused her to become totally paralyzed in her lower extremities. (Id. ¶¶ 32-33.)

Plaintiff was initially approved for long-term disability benefits on December 11, 2012. (Id. ¶ 40.) At that time, Matrix informed her that "in order to be eligible for benefits beyond 24 months she had to be disabled from performing the material duties of any occupation beginning August 3, 2014." (Id. ¶ 41.) In order to determine Plaintiff's continued eligibility, Matrix collected documentation from Plaintiff's medical providers and had its Nurse Case Manager review her claim. (Id. ¶¶ 45-50, 52.)

On February 6, 2015, Plaintiff learned that her claim for long-term disability benefits was denied, as Defendant determined that she could perform other occupations despite her disability.[1] (Id. ¶¶ 86, 93.) Plaintiff notified Reliance that she was appealing its decision on February 22, 2015. (Id. ¶ 100.) Reliance conducted its own independent review of Plaintiff's medical records. (Id. ¶¶ 101, 103, 110.) On May 22, 2015, Reliance notified Plaintiff that it was upholding its decision to deny benefits. (Id. ¶ 114 & Ex. 5.)

Plaintiff subsequently initiated this action against Temple, Reliance, and Matrix asserting claims for long-term disability insurance benefits pursuant to ERISA. Matrix argues that we should dismiss the claims against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Complaint does not specify which Defendant made this decision. However, according to Exhibit 4 to the Complaint, Plaintiff was notified of the decision by Matrix. (Compl., Ex. 4)

2

## II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to

relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff asserts three claims against Matrix: Counts One and Two assert claims for long-term disability benefits under the de novo review and abuse of discretion standards, respectively, pursuant to 29 U.S.C. § 1132(a)(1)(B). Count Four seeks a remand of the matter for reconsideration of her claim pursuant to 29 U.S.C. § 1132(a)(3). Matrix contends that these claims should be dismissed because it is not a proper defendant pursuant to ERISA.

### A. Claims Pursuant to 29 U.S.C. § 1132(a)(1)(B)

Under ERISA, a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The proper defendant to such an action "is the plan itself (or plan administrators in their official capacities only)." Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007) (citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509-10 (2d Cir. 2002)). The United States Court of Appeals for the Third Circuit has explained that "[e]xercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009). Consequently, to determine whether Matrix is a proper defendant to this action, we consider whether the Complaint alleges facts that would plausibly establish that Matrix was involved in or had control over the decision-making process regarding Plaintiff's eligibility for long-term disability benefits pursuant to the Plan. See Mullica v. Minn. Life Ins. Co., Civ. A. No. 11-4034, 2013 WL 5410904, at *6-7 (E.D. Pa. Sept. 27, 2013) (concluding that

the "nominal plan administrator" was not a proper defendant to an ERISA claim for wrongful denial of benefits because the plaintiff did not allege that it "was involved in, or had discretion over, the denial of Plaintiff's claim").

According to the Complaint, Reliance is the "designated claims administrator" of the Plan. (Compl. ¶ 3.) The Complaint further alleges that Reliance "was appointed as the claims review fiduciary with respect to the insurance policy and the Plan," meaning it has "the discretionary authority to interpret the insurance policy and to determine eligibility for benefits." (Id. ¶ 20.) Additionally, the Summary Plan Description ("SPD"), which is attached to the Complaint as Exhibit 2, identifies Temple as both the plan sponsor and the plan administrator. (Id., Ex. 2 at 2.) The Complaint does not include any factual allegations that, if true, would establish that Matrix is the plan administrator or that it exercised control over the administration of benefits. For example, the Plan documents attached to the Complaint confirm that Reliance, not Matrix, is the claims review fiduciary with the authority to make final, binding decisions. (Id., Ex. 1 at 5.0.) All claims for benefits and appeals from adverse decisions were to be sent to Reliance. (Id., Ex. 2 at 4, 7.) In addition, Reliance, not Matrix, made the final decision denying Plaintiff benefits after Plaintiff appealed the initial decision. (Id. ¶ 114 & Ex. 5.) Moreover, the Complaint explicitly alleges that Matrix is a third party administrator that "did not have discretion to decide claims or interpret policy provisions under the terms of the Plan." (Id. ¶¶ 21-22; see also id. ¶ 129 ("Matrix did not have discretion to decide benefits or interpret policy terms.").)

Based on these allegations, we conclude that the Complaint fails to allege facts that, if true, would establish that Matrix "[e]xercise[d] control over the administration of benefits" and is thus a proper defendant under 29 U.S.C. § 1132(a)(1)(B). Evans, 311 F. App'x at 558; see also

5

Van Doren v. Capital Research & Mgmt. Co., Civ. A. No. 10-1425, 2010 WL 5466839, at * 2 (D.N.J. Dec. 30, 2010) ("Where a plan administrator retains the discretion to decide disputes, a third-party service provider will not be deemed a fiduciary of the plan and will not be subject to a suit under § 1132(a)(1)(B)." (citing Terry v. Bayer Corp., 145 F.3d 28, 35 (1st Cir. 1998))); and Mullica, 2013 WL 5410904, at *6 (finding that an employer/plan administrator was not a proper defendant where the "allegations in the complaint, read together with the SPD provisions, fail to state sufficient facts to establish that [the employer] exercised any discretion with respect to the administration of benefits"). Consequently, we conclude that Counts One and Two fail to allege facts that plausibly state a claim for long-term disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) against Matrix.  We thus grant the Motion to Dismiss as to Counts One and Two, and those Counts are dismissed insofar as they assert claims against Matrix.

  B. Claims Pursuant to 29 U.S.C. § 1132(a)(3)

Plaintiff also asserts a claim against Matrix for injunctive relief under § 1132(a)(3) on the ground that Matrix breached its fiduciary duties to Plaintiff, including the duty to provide Plaintiff with a full and fair hearing.  (Compl. ¶ 147.)  Section 1132(a)(3) allows a plan participant to sue: "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). "[T]his provision authorizes direct suits against fiduciaries for breach of their duty." Renfro v. Unisys Corp., 671 F.3d 314, 325 (3d Cir. 2011) (citing Bixler v. Cent. Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1293-94 (3d Cir. 1993)).  However, § 1132(a)(3) "does not authorize suit against 'non-fiduciaries charged solely with participating in a fiduciary

6

breach.'" Id. (quoting Reich v. Compton, 57 F.3d 270, 284 (3d Cir. 1995)).  Thus, Plaintiff cannot assert a claim against Matrix under § 1132(a)(3) unless Matrix has acted as a fiduciary.

ERISA defines a fiduciary as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets; (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  "[T]he linchpin of fiduciary status under ERISA is discretion." Curcio v. John Hancock Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994).  Moreover, "[f]iduciary status does not simply attach to any administrative activity, but rather, only to the person (or entity) who has final authority to authorize or disallow a claim for benefits under the plan." Miller v. Mellon Long Term Disability Plan, 721 F. Supp. 2d 415, 426 (W.D. Pa. 2010) (citing Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)).

Moreover, "[f]iduciary obligations do not attach to non-discretionary, 'purely ministerial functions' involved in administration or management of a plan." Edmonson v. Lincoln Nat'l Life Ins. Co., 777 F. Supp. 2d 869, 885 (E.D. Pa. 2011) (quoting 29 C.F.R. § 2509.75-8 at D-2). For example, "persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." Confer v. Custom Eng'g Co., 952 F.2d 34, 39 (3d Cir. 1991) (citing 29 C.F.R. § 2509.75-8).  When a third party administrator has "no discretion to deny or allow [the plaintiff's] claim," but instead has "an obligation to follow the written plan instrument and to follow the instructions of the [plan] administrator," it should not be considered a fiduciary. Id.

7

Here, the Complaint specifically alleges that "Matrix did not have discretion to decide claims or interpret policy provisions under the terms of the Plan." (Compl. ¶ 22.) Moreover, Reliance made the final appeals decision and had the final, binding discretionary authority "to interpret the Plan and the insurance policy and to determine eligibility for benefits." (Id. ¶ 114, Ex. 5, & Ex. 1 at 5.0.) Therefore, we conclude that the Complaint fails to allege facts that, if true, would establish that Matrix was a fiduciary. Consequently, we conclude that Matrix is not a proper defendant to a claim for injunctive relief grounded on a breach of fiduciary duties pursuant to § 1132(a)(3), and, thus, we conclude that Count Four fails to allege facts that plausibly state a claim against Matrix upon which relief may be granted pursuant to 29 U.S.C. § 1132(a)(3). Accordingly, we grant the Motion to Dismiss as to Count Four and dismiss Count Four insofar as it asserts a claim against Matrix.

## IV. CONCLUSION

For the foregoing reasons, we grant Matrix's Motion to Dismiss the claims against it asserted in Counts One and Two, as Matrix is neither a plan administrator nor does it exercise control over the administration of benefits, meaning it is not a proper defendant as to these claims. We further grant the Motion as to Count Four, as Matrix is not a fiduciary as that term is defined by ERISA and is therefore not a proper defendant as to that claim. Matrix is consequently dismissed as a party to this action.[2] An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

[2] Plaintiff has requested leave to amend the Complaint to allege facts concerning the relationship between Matrix and Reliance. (Pl.'s Suppl. Mem. at 2). "[A] district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). As only the Complaint alleges that Matrix had no discretionary authority and there is no indication of futility or inequity, we grant Plaintiff's request.