IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| KIMBERLY LASH | : | CIVIL ACTION |
| v. | : | |
| RELIANCE STANDARD LIFE INSURANCE CO., et al. | : | NO. 16-235 |

**MEMORANDUM**

**Padova, J.**                                                                                                           **May 18, 2017**

Plaintiff Kimberly Lash brought this action against Temple University Health System ("Temple"), her former employer, and Reliance Standard Life Insurance Company ("Reliance"), the insurer of Temple's Group Long-Term Disability Insurance Plan (the "Plan").[1] Temple filed a Crossclaim against Reliance seeking contribution and indemnity. Reliance has now moved to dismiss the Crossclaim. For the reasons that follow, Reliance's Motion to Dismiss the Crossclaim is granted in part and denied in part.

**I.    BACKGROUND**

The allegations contained in the First Amended Complaint ("FAC") and its attachments were fully set out in our Memorandum of April 4, 2017, Lash v. Reliance Standard Life Ins. Co., Civ. A. No. 16-235, 2017 WL 1232177, at *1-2 (E.D. Pa. Apr. 4, 2017), and we repeat them here only briefly. Temple provides long-term disability benefits to its employees under the Plan, which is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (FAC ¶¶ 12-13, Ex. 2 at 13.) Temple is the Plan Sponsor and the Plan Administrator. (Id. Ex. 2 at 3.) Reliance was appointed under the terms of the Plan "as the

---

[1] Originally, Lash also asserted claims against Matrix Absence Management, Inc. ("Matrix"), the third-party administrator for the Plan. However, we dismissed Matrix as a Defendant to this action in an April 4, 2017 Memorandum and Order. See Lash v. Reliance Standard Life Ins. Co., Civ. A. No. 16-235, 2017 WL 1232177, at *8 (E.D. Pa. Apr. 4, 2017).

claims review fiduciary with respect to the insurance policy and the Plan." (Id. ¶ 24.) "Reliance . . . issued a policy of insurance to fund the Long-Term Disability benefits provided under Temple['s] . . . Long-Term Disability Plan." (Id. ¶ 13.) As the "claims administrator fiduciary," Reliance's decisions are "complete, final and binding on all parties." (Id. Ex. 1 at 5.0.)

Lash worked as a payroll supervisor for Temple and was "insured for long-term disability benefits" under the Plan "[a]t all material times." (Id. ¶¶ 14, 18, 40.) Lash's long-term disability benefits policy was issued by Reliance. (Id. ¶ 18.) An MRI performed in May, 2012 revealed that she had a tumor in her lower back. (Id. ¶¶ 34-35.) On May 24, 2012, Lash had surgery to remove the tumor, and the surgery caused her to become totally paralyzed in her lower extremities. (Id. ¶¶ 35-36.) Although Lash was initially approved to receive long-term disability benefits pursuant to the Reliance Policy (id. ¶¶ 18, 43), she was subsequently informed that her claim for long-term disability benefits was denied, as it was determined that she could perform other occupations despite her disability. (Id. ¶¶ 89, 96, Ex. 4.) Lash appealed that decision on February 22, 2015, after which Reliance required her to submit to an Independent Medical Examination. (Id. ¶¶ 103, 110.) On May 22, 2015, Reliance notified Lash that it had conducted an independent review and was upholding the decision to deny benefits. (Id. ¶ 117, Ex. 5.)

On July 6, 2016, Lash filed the FAC, which contains four Counts. Counts I and II assert claims against Reliance to recover unpaid benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). Count III asserts a claim for a penalty and injunctive relief against Temple pursuant to ERISA, 29 U.S.C. § 1132(c).[2] Count IV asserts an alternative ERISA claim for

---

[2]Although Counts III and IV do not specify the ERISA subsection alleged to have been violated, the parties agreed during an in-chambers conference on May 10, 2017, that Count III asserts a violation of 29 U.S.C. § 1132(c) and Count IV asserts a violation of 29 U.S.C. § 1132(a)(3).

breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) against Reliance and Temple, and seeks equitable relief in the form of remand to the administrative proceeding.

On August 15, 2016, Temple filed an Answer to the FAC and asserted a Crossclaim for federal common law contribution and indemnification against co-Defendant Reliance. On September 6, 2016, Reliance filed a Motion to Dismiss the Crossclaim.

## II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the]

misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). The plausibility standard "'requires showing more than a sheer possibility that a defendant has acted unlawfully.'" Shahid v. Borough of Darby, 666 F. App'x 221, 222 n.1 (3d Cir. 2016) (quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011)). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555). The United States Court of Appeals for the Third Circuit has applied the Rule 12(b)(6) standard laid out in Iqbal with equal force to crossclaims. Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 256 n.13 (3d Cir. 2010).

### III. DISCUSSION

Temple has asserted a Crossclaim for federal common law contribution and indemnification against Reliance. Reliance has moved to dismiss the Crossclaim, both insofar as it seeks contribution and indemnification with regard to Count III and insofar as it seeks contribution and indemnification with regard to Count IV.

#### A. Count III

Reliance argues that it cannot be liable for contribution or indemnification in connection with Count III, because that Count asserts a claim for statutory penalties pursuant to § 1132(c) and such penalties may only be assessed against a Plan Administrator. Temple does not dispute that it is the Plan Administrator, but argues that it may nevertheless obtain contribution and/or indemnification from Reliance in proportion to Reliance's responsibility.

Count III asserts a violation of ERISA, 29 U.S.C. § 1132(c), which provides that:

> Any **administrator** . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1) (emphasis added). The term "administrator" is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A). Section 1132(c) "is a penal statute and as such is 'narrowly construed.'" Stallings ex rel. Estate of Stallings v. IBM Corp., Civ. A. No. 08-3121, 2009 WL 2905471, at *11 (D.N.J. Sept. 8, 2009) (quoting Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp. & Subsidiaries, 803 F.2d 109, 118 (3d. Cir. 1986)). Thus, "the terms of the statute are strictly defined." Id. (citing Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1505 (3d Cir. 1994)). Here, the statutory language of § 1132(c) unambiguously evidences a congressional intent to limit relief under that subsection to plan administrators. See generally Harris Tr. v. Salomon Smith Barney Inc., 530 U.S. 238, 247 (2000) ("ERISA's 'comprehensive and reticulated' scheme warrants a cautious approach to inferring remedies not expressly authorized by the text" (quoting Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985))).

The Third Circuit has stated that "§ 1132(c)'s penalty provision . . . only applies . . . if a plan administrator fails to provide information that it is required to provide . . . ." Galman v. Sysco Food Servs. of Metro New York LLC, No. 16-1744, 2016 WL 7158009, at *1 (3d. Cir. Dec. 8, 2016); see also Kollman v. Hewitt Assocs., LLC, 487 F.3d 139, 147 (3d Cir. 2007) (noting that § 1132(c), "contain[s] language that directly imposes information obligations on plan administrators"). When faced with the issue of imposing § 1132(c) liability on a non-plan administrator, District Courts have held that only plan administrators are liable for statutory

penalties under § 1132(c). See, e.g., Rumpf v. Metro. Life Ins. Co., Civ. A. No. 09-557, 2010 WL 2902543, at *10 (E.D. Pa. July 23, 2010) (citations omitted); Erbe v. Billeter, Civ. A. No. 06-113, 2007 WL 2905890, at *8 (W.D. Pa. Sept. 28, 2007); Levesque v. Kemper Nat'l Servs., Inc., Civ. A. No. 04-4143, 2006 WL 1686624, at *1 (E.D. Pa. June 14, 2006).

The FAC alleges that Temple, not Reliance, is the Plan Administrator. (FAC Ex. 2 at 3.) Because a non-plan administrator may not be held liable for statutory penalties sought pursuant to § 1132(c), Temple has not asserted a plausible claim for contribution or indemnification against Reliance in connection with Count III of the FAC. See Rumpf, 2010 WL 2902543, at *10; Erbe, 2007 WL 2905890, at *8; Levesque, 2006 WL 1686624, at *1. Accordingly, we grant Reliance's Motion to Dismiss Temple's Crossclaim insofar as Temple seeks contribution and indemnification from Reliance in connection with Count III.

B. Count IV

Reliance appears to contend that it also cannot be liable for contribution and indemnification in connection with Count IV because "there is a question about whether the law even permits a claim for contribution and indemnity against a co-fiduciary."[3] (Reliance's Br. at 3.) Temple maintains that the law permits contribution and indemnification between co-fiduciaries and that Reliance was a co-fiduciary, "because it knew of Temple's purported breach and failed to take reasonable remedial action." (Temple's Opp. at 2.)

---

[3]In addition, Reliance argues that the Crossclaim does not assert a cognizable claim for contribution or indemnification in connection with Count IV, because Count IV itself fails to state a claim upon which relief can be granted as it seeks relief that is duplicative of the relief sought in another count in the FAC. However, Reliance already argued in a prior Motion in this case that simultaneous claims for identical relief may not be asserted under ERISA and we rejected that argument. See Lash v. Reliance Standard Life Ins. Co., Civ. A. No. 16-235, 2017 WL 1232177, at *6 (E.D. Pa. Apr. 4, 2017). Accordingly, we need not address that same argument again – and we instead reiterate that simultaneous claims for identical relief may be asserted at the pleadings stage. See id.

Section 1132(a)(3), unlike § 1132(c), does not limit liability to plan administrators. Section 1132(a)(3) "is a catchall provision," Varity Corp. v. Howe, 516 U.S. 489, 518 (1996), which permits "'[a]n individual plan participant or beneficiary [to] sue any party acting in a fiduciary capacity under . . . for appropriate equitable relief for breach of a fiduciary duty.'" Post v. Hartford Life & Accident Ins. Co., Civ. A. No. 02-1917, 2002 WL 31741470, at *2 (E.D. Pa. Dec. 6, 2002) (quoting Blahuta-Glover v. Cyanamid Long Term Disability Plan, Civ. A. No. 95-7069, 1996 WL 220977, at *4 (E.D. Pa. Apr. 30, 1996)), and citing Bixler v. Cent. Pa. Teamsters Health-Welfare Fund, 12 F.3d 1292, 1298 (3d Cir. 1993)); see also Ream v. Frey, 107 F.3d 147, 152 (3d Cir. 1997) (reaffirming that "§ 1132(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations" (citing Bixler, 12 F.3d at 1298-99)). Consequently, because Reliance is alleged to be a fiduciary claims administrator which breached a fiduciary duty to Plaintiff, it may be a proper defendant in a civil action pursuant to § 1132(a)(3).

Moreover, there is no impediment to Temple and Reliance both being held liable under § 1132(a)(3) as ERISA authorizes co-fiduciary liability pursuant to 29 U.S.C. § 1105(a)(3). Section 1105(a)(3) states that "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. § 1105(a)(3). On the other hand, "ERISA's text does not explicitly allow for a right to contribution or indemnification" between two liable co-fiduciaries. Site-Blauvelt Eng'rs, Inc. v. First Union Corp., 153 F. Supp. 2d 707, 709 (E.D. Pa. 2001). The United States Supreme Court has explained, however, that a right to contribution or indemnification may arise where federal courts have created such a remedy under federal

common law, and "the Supreme Court has . . . [specifically] recognized that Congress wanted courts 'to develop a federal common law of rights and obligations under ERISA-regulated plans.'" Id. (quoting Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638-39 (1981), and Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989)).

The Third Circuit has not decided whether there is a right of contribution between co-fiduciaries in an ERISA action, and other Courts of Appeals are divided on the issue. Compare Chesemore v. Fenkell, 829 F.3d 803, 811-13 (7th Cir. 2016) (holding that indemnification and contribution of co-fiduciaries are within a "district court's remedial authority under ERISA"); Chemung Canal Tr. Co. v. Sovran Bank/Maryland, 939 F.2d 12, 15-18 (2d Cir. 1991) (determining that "traditional trust law provides for a right of contribution among defaulting fiduciaries" under ERISA) with Travelers Cas. & Sur. Co. of Am. v. IADA Servs., Inc., 497 F.3d 862, 864-68 (8th Cir. 2007) (finding no right of contribution between co-fiduciaries, noting that Congress did not inadvertently omit a right to contribution in drafting ERISA); Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir. 1989) ("[w]e cannot agree . . . that Congress implicitly intended to allow a cause of action for contribution under ERISA." (citing Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 145 (1985))). Courts permitting contribution among ERISA co-fiduciaries "have grounded their decision, in part, on the principle in trust law that defaulting fiduciaries may seek contribution from one another." Pressman-Gutman Co. v. First Union Nat. Bank, Civ. A. No. 02-8442, 2004 WL 1091048, at *1 n.1 (E.D. Pa. May 14, 2004) (citing Chemung Canal, 939 F.2d at 17). District Courts within this Circuit have largely concluded that a right of contribution between fiduciaries does exist in the ERISA context. See Askew v. R.L. Reppert, Inc., 902 F. Supp. 2d 676, 686 (E.D. Pa. 2012); Site-Blauvelt, 153 F. Supp. 2d at 710;

Green v. William Mason & Co., 976 F. Supp. 298, 301 (D.N.J. 1997); Cohen v. Baker, 845 F. Supp. 289, 291 (E.D. Pa. 1994).

Temple's Crossclaim alleges that Reliance helped Temple to develop the Plan and the scope of the Plan's benefits and that Reliance was a claims review fiduciary under the Plan. (Crossclaim ¶¶ 6, 10-11.) The Crossclaim further alleges that Reliance had full knowledge of any acts taken by Temple in both the creation of and representation of the Plan to plan participants. (Id. ¶¶ 13, 15.) Accordingly, because Reliance allegedly had full knowledge of Temple's purported breach of fiduciary duty, the Crossclaim plausibly alleges that Reliance was a co-fiduciary that contributed to Temple's breach of fiduciary duty. We further conclude that, in keeping with the aforementioned District Court decisions within the Third Circuit, a right of contribution and indemnification exists between fiduciaries in the ERISA context. Thus, insofar as Temple seeks contribution and indemnification from Reliance for § 1132(a)(3) equitable relief in Count III, we deny the Motion to Dismiss the Crossclaim.

## IV. CONCLUSION

Accordingly, we grant in part and deny in part Reliance's Motion to Dismiss Temple's Crossclaim. We grant the Motion to Dismiss insofar as it seeks dismissal of Temple's Crossclaim for contribution and indemnification in connection with Plaintiff's claim for statutory penalties asserted under § 1132(c) in Count III. However, we deny the Motion to Dismiss insofar as it seeks dismissal of Temple's Crossclaim for contribution and indemnification in connection with Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) in Count IV. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.